IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TYLER B. IRONS, | ) | |
| | ) | CASE NO. BK15-40876 |
| Debtor(s). | ) | A15-4051 |
| RONALD P. HASLEY and VICKI A. HASLEY, d/b/a SWITE ENTERPRISE, | ) ) | |
| | ) | |
| Plaintiffs, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| TYLER B. IRONS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Trial was held in Omaha, Nebraska, on December 1, 2016, and resumed in Lincoln, Nebraska, on January 26, 2017, on the plaintiffs' complaint (Fil. No. 1). At the close of evidence, defendant made an oral motion for judgment on partial findings pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. Robert B. Creager represents the debtor-defendant, and John C. Hahn represents the plaintiffs. Evidence and briefs were filed, the matter was taken under advisement, and it is now ready for decision.

The defendant's oral motion for judgment on partial findings is granted and plaintiffs' complaint is dismissed.

*Procedural Background*

The trial in this case commenced on December 1, 2016. Exhibits were introduced and received and plaintiffs presented the testimony of the defendant, Tyler Irons. Plaintiffs intended to present the testimony of Ronald P. Hasley, one of the plaintiffs. However, Mr. Hasley was unable to testify because he was suffering from a medical condition which was represented to be an event of stress-induced tachycardia – which is a dangerously rapid heart rate. At the request of the attorney for the plaintiffs, the trial was continued to December 19, 2016.

Prior to December 19, 2016, the plaintiffs again requested a continuance because Mr. Hasley was physically unable to testify. The motion to continue was granted, and the trial was rescheduled for January 26, 2017. Prior to that date, the plaintiffs filed another motion to continue the trial. The motion to continue was set for hearing to take place on January 26, 2017, immediately prior to the commencement of the trial. Defendant orally objected to the continuance.

On January 26, 2017, a hearing was held on the motion to continue. The motion was denied.

Among the reasons for denying the motion, the court stated: Plaintiffs' attorney acknowledged that due to the nature of his medical condition, Mr. Hasley was not going to be able to testify at any time; that there had been five requests for continuance of trial in this case, three of which were due to Mr. Hasley's medical condition; that it was the duty of the plaintiffs to present their case; and that a written statement in lieu of testimony as proposed by the plaintiffs' attorney would not be acceptable to the court due to credibility concerns the court expressed in a different case involving testimony by Mr. Hasley.

The trial then recommenced and the attorneys supplemented the record with additional exhibits. No further testimony was presented. The plaintiffs rested and the defendant orally moved for entry of a judgment on partial findings pursuant to Federal Rule of Civil Procedure 52, incorporated by Federal Rule of Bankruptcy Procedure 7052. The court deferred ruling on the motion until after closing arguments. The parties requested closing argument by written briefs which have now been filed.

*Factual Background*

As discussed in the court's order denying summary judgment on September 16, 2016 (Fil. No. 35), the only undisputed facts are:

1. Tyler B. Irons, the debtor, is an individual residing in Lincoln, Lancaster County, Nebraska.

2. The plaintiffs, Ronald P. Hasley and Vicki A. Hasley, d/b/a Swite Enterprise, reside in Beatrice, Gage County, Nebraska.

3. On May 23, 2014, the plaintiffs filed a complaint in the District Court of Lancaster County against Tyler B. Irons, Jack Irons, and J & R Motors, LLC.

4. On April 22, 2015, an order was entered in the District Court of Lancaster County granting summary judgment in favor of the plaintiffs and against the debtor and his co-defendants awarding the plaintiffs judgment in the amount of $189,260.43 plus post-judgment interest at a rate of 2.137%.

5. The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 28, 2015.

At the trial on December 11, 2016, the defendant did testify. He testified that neither he nor J & R Motors, LLC, ever borrowed or received money from Mr. Hasley. However, he acknowledged that he did sign the "Accounts Receivable/Specific Assignment" at the request of his father, Mr. Jack Irons. He also testified that he was not aware of any claim or demand by plaintiffs until the state court lawsuit was filed. His understanding is that the state court judgment was entered against him by default and that he has scheduled a potential malpractice claim against the attorney who was supposed to represent him in state court. The court finds that testimony to be credible.

*Discussion*

Plaintiffs brought this adversary proceeding under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4). As discussed in the September 16, 2016, order, § 523(a)(2)(A) of the Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" False pretenses, false representations, and actual fraud are three separate elements.

Plaintiffs' closing argument brief regarding the § 523(a)(2)(A) element of its claim is somewhat haphazard and disjointed. Plaintiffs' position appears to be that (i) Mr. Jack Irons was acting as an agent of J & R Motors, LLC, and made false representations in obtaining a loan from plaintiffs; and (ii) defendant Tyler Irons was 100% owner of J & R Motors, LLC, and the entity veil should be pierced, making defendant liable for all of J & R's debts, including those created by Jack Irons. Plaintiffs, however, failed to meet their burden of proof on this element of their claim.

Specifically, to establish a fraudulent misrepresentation within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *R & R Ready Mix v. Freier (In re Freier)*, 604 F.3d 583, 587 (8th Cir. 2010). To have the debt excepted from discharge, the creditor must prove that the debtors obtained money or property from the creditor concurrent with the debtors' misrepresentation. *Marcusen v. Glen (In re Glen)*, 639 F.3d 530, 533 (8th Cir. 2011).

"Actual fraud" was recently defined by the United States Supreme Court in *Husky Int'l Elec., Inc. v. Ritz*, ___ U.S. ___, 136 S. Ct. 1581 (2016), to encompass anything that counts as fraud and is done with wrongful intent, including fraudulent conveyances, which do not require a misrepresentation from a debtor to a creditor.

> "Actual fraud" has two parts: actual and fraud. The word "actual" has a simple meaning in the context of common-law fraud: It denotes any fraud that "involv[es] moral turpitude or intentional wrong." *Neal v. Clark*, 95 U.S. 704, 709, 24 L. Ed. 586 (1878). "Actual" fraud stands in contrast to "implied" fraud or fraud "in law," which describe acts of deception that "may exist without the imputation of bad faith or immorality." *Ibid.* Thus, anything that counts as "fraud" and is done with wrongful intent is "actual fraud."

*Id.* at 1586.

Here, the only testimony was that of the defendant and he testified that he never made any representations at all to Mr. Hasley and that he and his company, J & R Motors, never received any money from Mr. Hasley. He testified that he signed the assignment of certain accounts receivable in favor of the plaintiffs because Jack asked him to do so. Plaintiffs apparently rely upon the summary judgment obtained in Mr. Hasley's state court lawsuit against the defendant, Jack Irons,

-3-

and J & R Motors, Case No. CI 14-1790 in the District Court of Lancaster County. Documentation regarding that lawsuit is attached to the affidavit of Mr. Hahn at Filing No. 20. However, a review of that information reveals that the district court never made any specific findings regarding the transactions between and among the parties. Instead, the only finding was that requests for admission were served, no response was made in a timely manner and the requests were deemed admitted as a matter of law. Accordingly, judgment was entered in Mr. Hasley's favor. Plaintiffs seem to take the position that the facts "deemed admitted" as a result of failing to respond to the state court requests for admissions are also admitted for purposes of this adversary proceeding. That is incorrect as those factual matters were not actually litigated. Res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Ichtertz v. Orthopaedic Specialists of Nebraska, P.C.*, 730 N.W.2d 798, 804 (Neb. 2007). Moreover, Nebraska court rules specifically limit admissions to the case in which they were admitted and prohibit their use in future litigation. Neb. Ct. R. Disc. § 6-336(b) (any admission "is for the purpose of the pending action only and is not an admission by him or her for any other purpose nor may it be used against him or her in any other proceeding.").

The record here simply reflects that the plaintiffs have a judgment against the defendant that was entered essentially by default. Defendant's attorney in that case did not appear at the hearing and did not respond to the written discovery. Defendant even indicated his bankruptcy estate has a potential malpractice claim against the attorney due to the judgment being entered. Plaintiffs have failed to establish the defendant or his company obtained any money from the plaintiffs or that the defendant or any person on behalf of the defendant intentionally made any false representations or committed actual fraud. No testimony was offered from Mr. Hasley or Mr. Jack Irons. Of course, because there was no evidence of representations, the plaintiffs also failed to show that they justifiably relied upon such representations. Plaintiffs have simply failed to establish the elements of a cause of action under 11 U.S.C. § 523(a)(2)(A).

As noted in the court's summary judgment order, to prevail on a § 523(a)(4) cause of action, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed fraud or defalcation in the course of that fiduciary relationship. *Jafarpour v. Shahrokhi (In re Shahrokhi)*, 266 B.R. 702, 707 (B.A.P. 8th Cir. 2001).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. *Arvest Mortg. Co. v. Nail (In re Nail)*, 680 F.3d 1036, 1039 (8th Cir. 2012) (citing *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997)). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. *See Hunter v. Philpott*, 373 F.3d 873 (8th Cir. 2004) ("fiduciary" used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878-79 (8th Cir. 1985) (holding that for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship). The substance of a transaction, rather than the labels assigned by the parties, determines whether there is a fiduciary relationship for bankruptcy

purposes. *Nail*, 680 F.3d at 1040 (quoting *Long*, 774 F.2d at 878-79).

The plaintiffs assert that the assignment of the accounts receivable signed by the defendant establishes an express trust. It states, "All moneys collected or received by the undersigned in respect of the Assigned Accounts shall be received as trustee for the Assignee and shall be forthwith paid to the Assignee." Accounts Receivable, Specific Assignment ¶ 4 (attached to Fil. No. 23). The correspondence between the parties as they worked on trying to get the funds repaid indicates the plaintiffs were trying to get J & R to deposit receivable payments into an escrow account for the plaintiffs each week, but no such escrow was ever established (nor was it required by the assignment document). Defendant testified that his understanding was that he was supposed to pay Mr. Hasley cash of $1,650 per month until the assigned receivables were liquidated. Mr. Hasley apparently demanded the money in cash and without records of any type. No such records were offered into evidence by the plaintiffs. It is impossible to determine from the evidence how much money was paid to the plaintiffs as a result of the assignment.

The assignment document is, on its face, a general common-law contractual relationship that does not rise to the level of an express or technical trust. It appears that the parties never established an escrow account or took any other action that would turn the simple contractual relationship into a trust relationship. Instead, the only evidence is that defendant would pay Mr. Hasley monthly payments in cash. To the extent defendant breached the terms of the assignment – and there is no evidence of any such breach – it would be a simple breach of contract. Accordingly, this cause of action also fails.

As indicated, at the close of the plaintiffs' case, defendant moved for judgment on partial findings pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. Because the plaintiffs have failed to establish the elements of a cause of action under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), the motion is granted.

IT IS, THEREFORE, ORDERED: Plaintiffs have failed to meet their burden of proof and judgment shall be entered in favor of defendant and dismissing the complaint. Separate judgment to be entered.

DATED:  March 9, 2017

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Robert B. Creager    *John C. Hahn
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.